**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| ABNER SKINNER RAMOS SAENZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03120-TLP-tmp |

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner Abner Skinner Ramos Saenz, a noncitizen detained in the Western District of Tennessee petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 5.) Respondent responded and Petitioner replied (ECF Nos. 8, 9.). For the reasons below, the Court **DENIES** the Petition and **DISMISSES** this case **WITHOUT PREJUDICE**.

**BACKGROUND**

Petitioner is a citizen of Guatemala. (ECF No. 1 at PageID 2.) Petitioner entered the United States "on or about 2022, without inspection" and has continuously resided in the country since that time. (*Id.* at PageID 3.) On June 9, 2026, Immigration and Customs Enforcement ("ICE") encountered Petitioner's vehicle near Oxford, Mississippi, while conducting surveillance in the area. (ECF No. 8-1 at PageID 40.) ICE checked his license plate and vehicle registration information and it came back to an undocumented immigrant. (*Id.*) The agents then initiated a traffic stop. (*Id.*)

Respondent and Petitioner dispute what happened during the stop. Petitioner claims that "[t]he agents forcefully banged on the passenger-side door and pulled Petitioner's passenger from the vehicle." (ECF No. 1 at PageID 4.) Petitioner also asserts that "[a]t the time of [his] arrest, ICE agents did not explain the reason for his arrest or detention" or read him his constitutional rights. (*Id.*) Petitioner states that ICE then transported him "to a jail in Mississippi, where he remained for approximately two hours." (*Id.*) ICE's I-213 narrative of the incident however says that Petitioner presented agents "with a Guatemala ID and stated that he was illegally in the country." (ECF No. 8-1 at PageID 40.) It also states that that the supervisor on scene signed an I-200 warrant. (*Id.*) And Respondent attached Petitioner's Notice to Appear ("NTA") as an exhibit to his Response. (ECF No. 8-2 at PageID 42–45.) The NTA is dated June 9, 2026, and charges Petitioner with being "an immigrant not in possession of a valid unexpired immigrant visa." (*Id.* at PageID 42.) It also orders Petitioner to appear before an immigration judge at West Tennessee Detention Facility on June 26, 2026. (*Id.*)

After Petitioner filed his Petition, an immigration judge granted his application for voluntary departure under safeguard. (ECF No. 8-3 at PageID 46.) ICE is now detaining Petitioner at the West Tennessee Detention Facility in Mason, Tennessee.

Petitioner alleges that detention violates the Due Process Clause of the Fifth Amendment.[1] (ECF No. 1 at PageID 8.) But the main thrust of Petitioner's argument is that his

---

[1] Petitioner also argues in his Petition that Respondent violated the Administrative Procedure Act by detaining him under 8 U.S.C. 1225(b)(2), which requires mandatory detention during removal proceedings. (ECF No. 1 at PageID 9.) Respondent counters that Petitioner is lawfully detained under 8 C.F.R. § 240.25 because an immigration judge granted him voluntary departure. (ECF No. 8 at PageID 31.) Petitioner then appears to reverse course in his Reply by stating that whether he is lawfully detained under § 240.25 "is not the issue before the Court." (ECF No. 9 at PageID 49.) Petitioner maintains "that his Due Process Rights were violated when he was stopped and taken into custody" and that Respondent's "argument does not resolve Petitioner's claims under the Fourth and Fifth Amendment." (*Id.* at 49.) Because Petitioner's argument boils

initial traffic stop violated the Fourth Amendment. (*Id.* at PageID 9–10.) Petitioner seeks an order requiring Respondent to release him immediately. (*Id.* at PageID 11.) Respondent argues that the Court should deny the Petition because Petitioner did not exhaust his administrative remedies. (ECF No. 8 at PageID 33–35.) Respondent also maintains that Petitioner's stop was lawful and that the Fourth Amendment is not cognizable for habeas petitions. (*Id.*) The Court agrees and finds that ICE did not violate Petitioner's Fourth or Fifth Amendment rights.

## ANALYSIS

As a preliminary matter, the Court rejects Respondent's argument that Petitioner needs to exhaust his administrative remedies before seeking federal court intervention. Respondent argues that Petitioner can seek a bond determination from an immigration judge. (ECF No. 8 at PageID 33–35.) But this argument assumes that ICE is detaining Petitioner under 8 U.S.C. § 1226(a), which applies "pending a decision on whether the [noncitizen] is to be removed from the United States." But an immigration judge found that Petitioner is removable from the United States and granted him voluntary departure. (ECF No. 8-3 at PageID 46.) ICE therefore is not detaining Petitioner under § 1226 because his removal decision is not pending. In fact, Respondent even points out that Petitioner is detained under 8 C.F.R. § 240.25, the regulation governing voluntary departure. (ECF No. 8 at PageID 31.) And the immigration judge's voluntary departure order states that Petitioner "has waived appeal of all issues." (*Id.*) So Petitioner has no remaining administrative remedies. Having addressed Respondent's exhaustion argument, the Court now moves to the merits of the case.

---

down to whether his arrest was lawful, the Court will address only Petitioner's Fourth and Fifth Amendment argument as they apply to the initial traffic stop and arrest.

The Court is not persuaded that ICE violated Petitioner's Fourth and Fifth Amendment rights. As for Petitioner's Fifth Amendment argument, Petitioner claims that his "continued detention constitutes a deprivation of liberty without due process of law." (ECF No. 1 at PageID 8.) But he provides no explanation for how ICE violated his due process rights when its stopped his vehicle and took him into custody.[2] In his section on the Fourth Amendment, Petitioner alleges that officers "did not read him his constitutional rights." (*Id.* at PageID 10.) And it is true the Fifth Amendment requires that "before questioning an 'in-custody suspect law enforcement must warn that person 'that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Perez-Hernandez v. Blanche*, 184 F.4th 520, 531 (6th Cir. 2026) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)) But *Miranda* warnings do not apply to civil immigration proceedings. *Zuniga v. Garland*, 86 F.4th 1236, 1240 (6th Cir. 2023). And contrary to Petitioner's claim that ICE "did not show or provide Petitioner with any document explaining the reason for his arrest and detention," his NTA from that day states that he is "an immigrant not in possession of a valid unexpired immigrant visa." (ECF No. 1 at PageID 10; ECF No. 8-2 at PageID 42.) The Court thus rejects Petitioner's due process argument under the Fifth Amendment.

Petitioner's Fourth Amendment argument fares little better. Petitioner describes the facts of his arrest but provides no analysis or authority on how the arresting agents violated the Fourth

[2] Petitioner's section on due process is three lines. These lines provide no analysis as to how he was deprived of due process here. (ECF No. 1 at PageID 8.) Petitioner offers authority in his legal framework section on detention under 8 U.S.C. §§ 1226 and 1225, but it is unclear whether he is trying to apply this to his due process argument. (*Id.* at PageID 5–8.) Even if it does apply, the Court finds this argument moot because Petitioner is under a final order of removal and has been granted voluntary departure under safeguard. Petitioner is thus detained under 8 C.F.R. § 240.25.

Amendment. Petitioner states that "the agents looked at [him] and his passenger and immediately thereafter surrounded Petitioner's truck with the four SUVs, boxing the vehicle in from all sides and forcing the vehicle to stop." (ECF No. 1 at PageID 10.) He also asserts that "[n]o agent explained why Petitioner's vehicle had been stopped or why Petitioner was being detained." (*Id.*) But Petitioner does not allege that ICE did not have reasonable suspicion to stop his vehicle. *See United States v. Pyles*, 904 F.3d 422, (6th Cir. 2018) ("To justify stopping a car, an 'officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). And ICE's I-213 Narrative states agents stopped Petitioner after "identif[ying] a vehicle with the license plate and registration coming back to an illegal alien." ECF No. 8-1. Petitioner does not counter the report.

Even if the stop did violate the Fourth Amendment, the Court would be unable to provide Petitioner with a remedy. This is because the Fourth Amendment is generally not cognizable in deportation proceedings absent an egregious violation. *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050–52 (1984); *see also Nolasco-Gaspar v. Holder*, 581 F. App'x 546, 546–47 (6th Cir. 2014). "The 'body' or identity of a defendant in a criminal or civil proceeding is never itself suppressible as the fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *Lopez-Mendoza*, 468 U.S. at 1032. Petitioner's request for relief therefore must fail.

## CONCLUSION

Because Petitioner is not entitled to a bond hearing, the Court **DENIES** the Petition and **DISMISSES** this case **WITHOUT PREJUDICE**.

**SO ORDERED**, this 26th day of October, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE